**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JPMorgan Chase Bank, N.A.,

    Plaintiff,

v.

MKP Investments LLC et al,,

    Defendants.

Case No. 2:09cv421

Judge Michael H. Watson

ReliaStar Life Insurance Company,

    Plaintiff,

v.

MKP Investments LLC et al,

    Defendants.

Case No. 2:09cv700

Judge Michael H. Watson

John Hancock Life Insurance Company (U.S.A.),

    Plaintiff,

v.

MKP Investments LLC,

    Defendant.

Case No. 2:09cv707

Judge Michael H. Watson

Principal Life Insurance Company,

    Plaintiff,

v.

MKP Investments LLC et al,,

    Defendants.

Case No. 2:09cv718

Judge Michael H. Watson

## OPINION AND ORDER

In addition to the above-captioned matters, the Court currently has pending before it *United States of America v. Thomas E. Parenteau*, Case No. 2-08cr180. In the criminal action, the Government alleges that Plaintiff, and others, conspired to launder money and conduct loan application fraud. Mr. Parenteau's criminal trial is scheduled to begin March 8, 2010.

A court should consider the following factors in determining whether a stay of a civil proceeding is appropriate pending the resolution of a criminal action:

(1) the extent to which the issues in the civil and criminal proceedings overlap;

(2) the status of the criminal proceedings, including whether the Defendant has been indicted;

(3) the plaintiff's interest in proceeding expeditiously with civil proceedings weighed against the prejudice to the plaintiff caused by the delay;
(4) the hardship on the defendant;

(5) the convenience of both the civil and criminal courts; and

(6) the interest of the public and third parties.

*Chao v. Fleming*, 498 F. Supp. 2d 1034,1037 (W.D. Mich. 2007), citing *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

An examination of these factors leads the Court to conclude that staying the above-captioned civil actions is appropriate. As stated, Plaintiff's criminal trial is currently scheduled for March 8, 2010. While the Plaintiff's may have strong financial interests in resolving the civil cases expeditiously, requiring Mr. Parenteau to defend the

civil suits while the criminal action is pending places him in a precarious position. Mr. Parenteau has a strong interest in defending himself against the claims asserted by the Plaintiffs. But, he is also entitled to exercise his Fifth Amendment privilege. Allowing the civil actions to continue while the criminal action remains pending will result in Plaintiff having to choose between defending the civil claims and exposing his defense theories prior to trial and impairing his Fifth Amendment privilege. The criminal charges against Plaintiff are serious and, if he is convicted, Plaintiff may face a significant period of incarceration. Thus, the Plaintiffs' financial interests do not outweigh Mr. Parenteau's interest in ensuring he has a fair trial.

Indeed, the resolution of Mr. Parenteau's criminal case may cause the parties to re-evaluate their respective cases. As such, because of the unique circumstances surrounding these actions, the Court finds that all parties and the Court are better served waiting to proceed with these civil actions until Mr. Parenteau's criminal case is resolved.

Accordingly, the Court hereby **STAYS** *JPMorgan Chase Bank, N.A., v. MKP Investments LLC et al,*, Case No. 2:09cv421; *ReliaStar Life Insurance Company v. MKP Investments LLC et al,*, Case No. 2:09cv700; *John Hancock Life Insurance Company*

*(U.S.A.) v. MKP Investments LLC et al.*, Case No. 2:09cv707; and *Principal Life Insurance Company v. MKP Investments LLC et al.*, Case No. 2:09cv718.

**IT IS SO ORDERED.**

_____
Michael H. Watson, Judge
United States District Court